## CIRCUIT COURT OF THE CITY OF RICHMOND

Mercury Finance Co.

v.

Thelonius L. Wood
and Sylvia C. Wood

January 4, 1996

Case No. LA-2231-4

BY JUDGE RANDALL G. JOHNSON

I have now had an opportunity to review the evidence and law presented in this case. While I do not believe that Mr. Wood's failure to sign the certificate of title affects the disposition of the collateral, the improper notice given to Mr. and Mrs. Wood does.

Virginia Code § 8.9-504(3) provides, in pertinent part:

> Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale.

Here, plaintiff's notice to defendants states that the vehicle "will be resold by private sale at any time after June 26, 1993, or [i]t will be sold at public auction at 10:00 am/pm June 28th, 1993 at Richmond Auto Auction, 2332 Willis Road, Richmond, VA 23237." The car was sold by private sale in August, 1993, to Smiley's Sales and Service. Such sale did not comply with the notice.

A fair reading of plaintiff's notice is that plaintiff would try to sell the car by private sale after June 26, but that it *would* be sold at public auction

on June 28. In other words, if plaintiff did not sell the car privately on June 27, it would sell it publicly on June 28. Because a reasonable debtor might assume that a higher price would be obtained at a public auction than at a private sale, defendants may have relied on the notice of auction in failing to redeem the car. Since the car was not actually sold until August, 1993, and then by private sale, defendants were entitled to a new notice so that they could decide whether or not to redeem the car. In any event, I hold that the notice was insufficient to reasonably advise defendants of the sale of the collateral, that the insufficient notice was material to the sale, and that defendants were prejudiced by not receiving proper notice. Accordingly, plaintiff is not entitled to a deficiency judgment, and judgment will be entered for defendants.